Opinion issued June 24, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO.
01-09-00627-CR

———————————

EDDIE WELLS, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 400th District Court 

Fort Bend County, Texas



Trial Court Case No. 47426

 



MEMORANDUM OPINION

          A
jury convicted appellant, Eddie Wells, of burglary of a habitation with intent
to commit a felony.  The court assessed
punishment at forty-five years in prison. 


The State has filed a motion to
dismiss, contending that the notice of appeal is untimely.  We agree and we dismiss this appeal for want
of jurisdiction.

BACKGROUND

          Sentence was imposed
on appellant in open court on December 15, 2008.  Because no timely motion for new trial was
filed, the notice of appeal was due 30 days later, on January 15, 2009.[1]
 Tex. R. App. P. 26.2(a).   No
notice of appeal was filed by January 15, 2009. 


On January 22, 2009, trial counsel
filed a motion in the trial court to withdraw as counsel, also signed by Wells,
which gave the following reason for seeking to withdraw

Counsel was the trial attorney for
Eddie Wells . . . Eddie Wells filed a notice of appeal.  Counsel believes it is in Eddie Wells’ best
interest to have another attorney to assist Eddie Wells in the appeal process. 

 

The trial court did not take any immediate action on the
motion to withdraw. 

On April 16, 2009, trial counsel filed
a motion in the trial court to extend time to file notice of appeal.  In his motion, trial counsel explained that
he had believed that the trial court’s certification of right to appeal had
notified the court of Wells’s desire to appeal, so counsel had taken no action
on Wells’s part to appeal the conviction. 
Counsel noted that the time to file a written appeal had run and
requested an extension of time to file the notice of appeal.  

On April 20, 2009, trial counsel filed
in the trial court a motion for leave to file notice of appeal, reiterating his
belief about the certification of right to appeal serving as notice of Wells’s desire
to appeal and adding that he believed that the trial court would appoint Wells
an appellate counsel, so trial counsel took no other action to appeal Wells’s conviction.


On May 5, 2009, trial counsel filed in
the trial court a motion for leave to file late notice of appeal, stating that
he had believed that the trial court had appointed Wells an appellate counsel
and so trial counsel took no action to appeal Wells’s conviction.

On May 29, 2009, trial counsel filed a
notice of appeal in this cause.

The trial court held a hearing on May 29,
2009, on trial counsel’s request for leave to file a written notice of
appeal.  Trial counsel stated that in
Galveston County, an attorney would have been appointed for appeal after
judgment was entered and after the defendant was given notice of his right to
appeal. He explained that he had therefore assumed that once Wells “filed that
trial certificate notice of appeal,” an appellate attorney would be appointed
to Wells.  After being corrected by the
trial court, trial counsel acknowledged that the trial court’s certification of
Wells’s right to appeal was not a notice of appeal.

When the trial court queried the State
on its position on the motion, the assistant district attorney suggested that
the trial court ask Wells if he still intended to appeal his case, and, if so,
whether he needed appointed appellate counsel, and, if so, appoint
counsel.  The prosecutor stated that,
“[t]he notice of appeal, for whatever it is, it will be easier just to go ahead
and accept one now, than go through the long process and eventually having a
writ and having to come back and do it again anyway.  It’s better to do it sooner, I think, rather
than later.”  The trial court then
granted the motion for leave to file late notice of appeal, granted trial
counsel’s January 22, 2009 motion to withdraw as counsel, and indicated that it
would appoint Wells an appellate counsel. 
Appellate counsel was appointed on June 11, 2009.    

DISCUSSION

The May 29, 2009 notice of appeal was
untimely; the notice
of appeal was due on January 15, 2009.  See Tex.
R. App. P. 26.2(a).  The trial
court’s May 29, 2009 attempted grant of leave to file a late notice of appeal
was of no effect—a motion for extension to time to file notice of appeal must
be filed in the court of appeals, not the trial court, and it must be done
within fifteen days of the deadline for filing the notice of appeal.  See Tex. R. App. P. 26.3.  The State’s acquiescence to the trial court’s
“grant” of leave to file a late notice of appeal is also of no moment as the
State’s consent could not confer jurisdiction when none existed.  See State v. Riewe, 13 S.W.3d 408, 412–13
(Tex. Crim. App.  2000).  Thus the May 20, 2009 notice of appeal does
not convey jurisdiction on this Court.

If an appeal is not
timely perfected, a court of appeals does not obtain jurisdiction to address
the merits of the appeal and can take no action other than to dismiss the
appeal.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  We note
that the State has declared in a motion before this Court that it will not
oppose an application by appellant for a post-conviction writ of habeas corpus
requesting an out-of-time appeal.  This is
as it should be.  Appellant is entitled
to such remedy and, given the circumstances of this case, justice would seem to
impel all involved parties—the
defense, the State, and the trial court—to ensure that it be accorded to him.

CONCLUSION

We dismiss the appeal
for want of jurisdiction.  We also
dismiss all pending motions. 

 

PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The
time limit for perfecting an appeal from a judgment of conviction begins to run
on the day sentence is imposed or suspended in open court.  Tex. R.
App. P. 26.2(a); see Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (holding that written
judgment of conviction is not “appealable order” within meaning of rule and the
defendant does not have option of calculating time limit from day written
judgment is signed and entered by trial court) (construing predecessor rule).